# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MELISSA CALLAHAN, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CITY OF CHICAGO, ) ) Defendant. ) | No. 12 C 362 |

## MEMORANDUM BY THE COURT

MATTHEW F. KENNELLY, District Judge:

Proceedings in this case may have gone somewhat off the rails. The Court issues this brief memorandum in the hope of correcting the problem before it is beyond repair.

The plaintiff in this case seeks to represent a class of Chicago taxi drivers. She asserts claims under the Fair Labor Standards Act and the Illinois Minimum Wage Law, alleging that the City is her *de facto* employer but sets maximum taxi fares so low that she does not earn the minimum wage. Plaintiff's complaint survived a motion to dismiss for failure to state a claim after the Court found that plaintiff had plausibly alleged an employment relationship with the City. *Callahan v. City of Chicago*, No. 12 C 362, 2012 WL 5989341 (N.D. Ill. Nov. 29, 2012).

During and following briefing on the motion to dismiss, it became obvious to the Court that a key (and likely the key) bone of contention in the case involved the issue of whether the City is plaintiff's *de facto* employer. Over the course of several status

hearings held in the months following the ruling on the motion to dismiss, it became apparent that discovery covering the full scope of the plaintiff's claims (including the class claims) would involve a very large volume of material and depositions and would take quite a long time to complete.  This point was brought home even further when plaintiff filed, in early February 2013, a combined motion to establish a collective action (under the FLSA) and for class certification (under the IMWL).  At a status hearing that same month, the Court advised the parties that it was loathe to start sending out notice of the pendency of a collective action or to rule on class certification until the threshold *de facto* employer issue had been decided on the merits.  The Court repeated this at a status hearing in mid-March 2013, stating that if possible, it intended to deal with the *de facto* employer issue before ruling on the motion for class certification.  The Court did not set a briefing schedule on the class action / collective action motion at that time, and discovery proceeded.

Plaintiff filed an amended class action / collective action motion in mid-September 2013.  At a status hearing later that month, the Court again indicated its belief that the appropriate course would be to deal with the *de facto* employer issue on the merits before addressing the class action / collective action motion.  Defense counsel advised—as, the Court believes, she had advised previously—that defendant planned to file a motion for summary judgment addressing the *de facto* employer issue. The Court pressed defense counsel at this and later status hearings for a target date to file that motion, indicating that the longer defendant waited, the more likely it was that the Court would find it necessary to go ahead and address the long-pending class action / collective action motion.

2

At one or more of these court appearances, the Court advised counsel that although the general rule is that a party gets to move for summary judgment once, and not on multiple occasions, if defendant filed an "early" motion for summary judgment on the *de facto* employer issue, the Court would permit defendant—if it lost that motion—to file a later motion for summary judgment motion addressing any remaining aspects of plaintiff's claims. Defendant did not file its anticipated motion for summary judgment all that early, but it eventually did so in late December 2013, after the Court set a hard and fast deadline.

Defendant's summary judgment motion was not, despite the discussion earlier in the case, limited to the *de facto* employer issue. Rather, defendant also asserted a second argument, namely that plaintiff could not show that her income was less than the minimum wage. It goes without saying that defendant had the right to move for summary judgment on any matters it believed appropriate. The point is that defendant's motion extended beyond the focused issue on which the Court had anticipated a motion. As such, it exceeded the scope of the Court's commitment to permit defendant to file a second summary judgment motion, covering issues other than the *de facto* employer question, if defendant lost a motion focused on that question.

Following defendant's filing of the motion, plaintiff persuaded the Court that it required certain additional discovery in order to respond appropriately. *See* Fed. R. Civ. P. 56(d). Plaintiff filed her response to defendant's summary judgment motion in late May 2014. Plaintiff's response, however, also included a cross-motion for summary judgment on the *de facto* employer issue. Defendant says that plaintiff's cross-motion is not limited to arguing whether defendant is *her* employer but rather goes much further,

specifically by arguing that *in general*, taxi drivers have no significant opportunity for profit or loss and thus (for this and other reasons) are the *de facto* employees of defendant. Def.'s Mot. Pursuant to Fed. R. Civ. P. 56(d) at 4.

Late last week, defendant made a Rule 56(d) submission regarding plaintiff's cross-motion for summary judgment, arguing that it needs to conduct additional discovery in order to respond. Defendant's motion is focused on its contention that plaintiff's cross-motion broadens matters beyond the question of whether plaintiff herself is a *de facto* employee of defendant. Among other things, defendant seeks the opportunity to take discovery of other taxi drivers before responding to the cross-motion. It is rather obvious that this would significantly widen the scope of discovery that has been conducted to date, as defendant would be taking discovery of potential members of the not-yet-certified class action / collective action.

The first page of defendant's submission contains two significant statements in the following sentence that require correction, which is one of the reasons why the Court is issuing this memorandum. The sentence in question reads as follows: "Because the Court ordered the City to move for summary judgment before fact or expert discovery was completed, the Court made clear that the City would be allowed to move for summary judgment more than once, if the City's first motion for summary judgment was not successful." Def.'s Mot. Pursuant to Fed. R. Civ. P. 56(d) at 1.

There are two problems with defendant's statement. First, the statement that the Court "ordered the City to move for summary judgment before fact or expert discovery was completed" is a bit of revisionist history. The Court made no such order. What the Court did, as previously discussed, was to state, and emphasize repeatedly, that it

believed it appropriate to deal with the *de facto* employer issue on the merits before ruling on the class action / collective action motion. Defendant, at a fairly early date, represented that it would be prepared to do that by way of a summary judgment motion, and defense counsel repeated her intention in that regard several times at status hearings. When matters dragged on and no such motion was filed, the Court told defendant that if it waited too long, the Court would be forced to proceed with the class action / collective action motion. Eventually, the Court set a deadline for filing the long-promised summary judgment motion focused on the *de facto* employer issue. But it was still defendant's choice to file, or not file, such a motion: a deadline for filing a motion is quite different from an order to file a motion.

Second, defendant's statement that "the Court made clear that the City would be allowed to move for summary judgment more than once, if the City's first motion for summary judgment was not successful"—depending on how one reads it—may be at variance with what the Court actually stated. As part of its encouragement for defendant to file a motion for summary judgment on the *de facto* employer issue, the Court told defendant that if it filed such a motion and did not prevail, defendant would get to file a second summary judgment motion addressing other issues later. The Court did not, however, tell defendant that it would get two summary judgment bites at the apple on the *de facto* employer issue. Nor did the Court tell defendant that it could file an initial summary judgment motion on issues other than the *de facto* employer issue and still get a second crack at those issues later. To the extent defendant is suggesting otherwise, its statement is incorrect.

That aside, there is a good chance that the Court created what now seems to be

5

well on its way to becoming a big mess, by encouraging defendant to move for summary judgment on the *de facto* employer issue at an early date, rather than simply allowing the case to proceed ahead as the parties chose to pursue it. At this point, the Court is concerned that if defendant pursues discovery from other unnamed class / collective action members, there may be no principled way to limit discovery to the *de facto* employer issue. That does not mean, however, that matters are beyond repair. The Court advises the parties that it intends to discuss with them, at today's status hearing (and thereafter, if necessary), how the case, including the summary judgment motions, appropriately should proceed at this point. The Court will need input from counsel on this point, so they should be prepared to address these matters at the status hearing.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 17, 2014